IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| LUKE JOSEPH SCHAAB, A# 218 010 619,<br><br>  3010 Broadmead Dr<br>  Houston, TX 77025<br><br>CHRISTIN ANNE SCHAAB, A# 218 010 620,<br><br>  3010 Broadmead Dr<br>  Houston, TX 77025<br><br>   Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve:  U.S. Citizenship & Immigration<br>         Services<br>         5900 Capital Gateway Dr<br>         Camp Springs, MD 20588<br><br>UR MENDOZA JADDOU, Senior Official Performing the Duties of the Director of the United States Citizenship and Immigration Services,<br><br>Serve:  U.S. Citizenship & Immigration<br>         Services<br>         5900 Capital Gateway Dr<br>         Camp Springs, MD 20588<br><br>and,<br><br>JOHN M. ALLEN, Director of the Irving Field Office of the United States Citizenship and Immigration Services, | Case No. 4:22-cv-2782 |

1

Serve: John M. Allen
       USCIS
       6046 N Belt Line Rd
       Irving, TX 75038

Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFFS' APPLICATIONS TO ADJUST STATUS

Plaintiffs Luke Joseph Schaab and Christin Anne Schaab respectfully request a hearing before this Honorable Court to make a determination on Plaintiffs' applications to adjust status, or alternatively requesting that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Plaintiffs' long-delayed applications to adjust status.

## PARTIES

1. Plaintiff Luke Joseph Schaab and Christin Anne Schaab are citizens of Canada.

2. On October 1, 2020, Plaintiff's employer filed an I-140 Petition for Alien Worker on behalf of Plaintiffs.

3. Defendants approved the I-140 Petition on October 13, 2020. This approval rendered Plaintiffs Luke Joseph Schaab and Christin Anne Schaab eligible to adjust status.

4. Plaintiffs filed a timely I-485 Application for Adjustment of Status on October 01, 2020. Defendants assigned Receipt Number SRC2100250187 to Luke Joseph Schaab's case and Receipt Number SRC2100250243 to Christin Anne Schaab's case.

5. USCIS completed the fingerprinting and photographing of Luke Joseph Schaab and Christin Anne Schaab as part of the processing of the pending applications.

6. Defendants have not conducted an interview on Plaintiffs' pending green card applications.

7. Since Luke Joseph Schaab and Christin Anne Schaab filed the applications with USCIS, Plaintiffs have made repeated requests to have the green card cases finally adjudicated.

8. Despite numerous calls to USCIS and their attempts to prompt movement on the case, Luke Joseph Schaab's and Christin Anne Schaab's applications to adjust status have remained pending far longer than is reasonable.

9. USCIS has refused to adjudicate Luke Joseph Schaab's and Christin Anne Schaab's applications in accordance with applicable legal criteria.

10. Plaintiffs bring this action to compel the USCIS to finally adjudicate the pending applications as required by law.

11. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing adjustment of status applications.

12. Defendant Ur Mendoza Jaddou, Senior Official Performing the Duties of the Director of the USCIS, is the highest ranking official within the USCIS. Jaddou is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Jaddou is sued in an official capacity as an agent of the government of the United States.

13. Defendant John M. Allen is the Director of the USCIS Irving Field Office and is sued only in an official capacity, as well as any successors and assigns. The Irving Field Office has jurisdiction over applications for adjustment of status for immigrants in Houston, TX, where Plaintiffs reside. Allen is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. John M. Allen is sued in an official capacity as an agent of the government of the United States.

**JURISDICTION AND VENUE**

14. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

15. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Plaintiffs reside in this district.

## FIRST CLAIM FOR RELIEF
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For the first claim for relief against all Defendants, Plaintiffs allege and state as follows:

16. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

17. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

18. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

19. Plaintiffs allege that the applications have been in administrative processing beyond a reasonable time period for completing administrative processing of the adjustment of status applications.

20. The combined delay and failure to act on Luke Joseph Schaab's and Christin Anne

Schaab's adjustment of status applications is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

21. There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

22. Plaintiffs have exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of the case with the USCIS via phone and InfoPass appointments.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For the second claim for relief against all Defendants, Plaintiffs allege and states as follows:

23. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

24. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

25. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

26. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiffs in the denial of an opportunity to claim lawful permanent resident status, as well as the ability to sponsor family members for residence in the U.S. and in various other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Luke Joseph Schaab and Christin Anne Schaab request the

following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all processing of Luke Joseph Schaab's and Christin Anne Schaab's applications to adjust status within sixty days;

3. That this Honorable Court take jurisdiction of this matter and adjudicate Luke Joseph Schaab's and Christin Anne Schaab's applications to adjust status pursuant to this Court's declaratory judgment authority;

4. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a green card to Luke Joseph Schaab and Christin Anne Schaab;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action they may take to accelerate processing of the application to adjust status;

6. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
**August 16, 2022**

*/s/ James O. Hacking, III*
James O. Hacking, III
Hacking Immigration Law, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**

<b>LUKE JOSEPH SCHAAB</b>